MATTHEW B. GOLPER, SBN 275979
mgolper@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone:  (818) 508-3700
Facsimile:   (818) 506-4827

*Attorneys for Defendant*
ARTFARM USA, INC. d/b/a
MANUELA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL REDICK, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ARTFARM USA, INC. d/b/a Manuela, a Delaware corporation and DOES 1 to 10, inclusive,<br><br>　　　　　Defendant. | Case No. 2:22-cv-03315-JLS-GJS<br><br>*Hon. Josephine L. Staton*<br><br>**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Date Filed: May 16, 2022<br>Trial Date: None Set |

---

1

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

Defendant Artfarm USA, Inc. d/b/a Manuela (hereinafter "Defendant"), in answer to Plaintiff Crystal Redick's (hereinafter "Plaintiff") Complaint, admits, denies and alleges as follows:

## NATURE OF THE ACTION

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient information to admit or deny the allegation of Plaintiff's alleged disability, and on that basis denies it. As to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

2. In response to Paragraph 2 of the Complaint, Defendant denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant denies each and every allegation. The subject website speaks for itself.

## THE PARTIES

4. In response to Paragraph 4 of the Complaint, Defendant is without sufficient information to admit or deny the allegations of Plaintiff's place of domicile and alleged disability and on the basis, denies them. As to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

5. In response to Paragraph 5 of the Complaint, Defendant admits only that it conducts business in California. As to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

6. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

7. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them. The subject website speaks for itself.

## JURISDICTION AND VENUE

9. In response to Paragraph 9 of the Complaint, Defendant is without sufficient information to admit or deny the allegations of Plaintiff's purported access of Defendant's website or whether Plaintiff attempted to enjoy Defendant's brick and mortar location. Otherwise, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10. In response to Paragraph 10, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

11. In response to Paragraph 11, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

12. In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, without waiving this objection: Defendant admits that it conducts business in California.

13. In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET

14. In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15. In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16. In response to Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

17. In response to Paragraph 17 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every

allegation.

18. In response to Paragraph 18 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

19. In response to Paragraph 19 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

21. In response to Paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**FACTUAL BACKGROUND**

22. In response to Paragraph 22 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Defendant admits only that it has a website. Defendant's website speaks for itself.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

**DEFENDANT'S BARRIERS ON UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51(f) DENY PLAINTIFF ACCESS**

24. In response to Paragraph 24 of the Complaint, Defendant is without sufficient information to admit or deny the allegations, and on that basis, denies each and every allegation.

25. In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation.

26. In response to Paragraph 26 of the Complaint, Defendant denies each

4
**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

and every allegation.

27. In response to Paragraph 27 of the Complaint, Defendant is without sufficient information to admit or deny the allegations of whether Plaintiff "attempted to do business" with Defendant and therefore denies them. Defendant otherwise denies each and every allegation.

28. In response to Paragraph 28 of the Complaint, Defendant is without sufficient information to admit or deny the allegations of whether there were "attempts to do business" Plaintiff with Defendant and therefore denies them. Defendant otherwise denies each and every allegation.

## DEFENDANT'S WEBSITE HAS A SUFFICIENT NEXUS TO DEFENDANT'S RESTAURANT LOCATION TO SUBJECT THE WEBSITE TO THE REQUIREMENTS OF THE AMERICANS WITH DISABILITIES ACT

29. In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30. In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Notwithstanding this, and without waiving this objection, Defendant is without sufficient information as to whether or not Plaintiff attempted to access Defendant's website, and there denies such allegations. Moreover, Defendant denies that its website is "replete with barriers" as alleged.

32. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation. Notwithstanding this, and without waiving this objection, Defendant is

without sufficient information as to whether or not Plaintiff attempted to access Defendant's website or attempted to make a reservation, and there denies such allegations.

## DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE

33. In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35. In response to Paragraph 35 of the Complaint, Defendant denies each and every allegation.

36. In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38. In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39. In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40. In response to Paragraph 40 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

41. In response to Paragraph 41 of the Complaint, Defendant's website and the information thereon is accessible and useable, so Defendant denies each and every allegation.

42. In response to Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43. In response to Paragraph 43 of the Complaint, Defendant denies each

and every allegation.

44. In response to Paragraph 44 of the Complaint, Defendant denies each and every allegation.

# COUNT I

# VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 *ET SEQ*.

45. In response to Paragraph 45 of the Complaint, Defendant repleads an incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 44 of this Answer as set forth above.

46. In response to Paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

47. In response to Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

48. In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation.

49. In response to Paragraph 49 of the Complaint, Defendant denies each and every allegation.

50. In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

# UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *ET SEQ*.

51. In response to Paragraph 51 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 50 of this Answer as set forth above.

52. In response to Paragraph 52 of the Complaint, Defendant denies each

and every allegation.

53. In response to Paragraph 53 of the Complaint, Defendant denies each and every allegation.

54. In response to Paragraph 54 of the Complaint, Defendant denies each and every allegation.

55. In response to Paragraph 55 of the Complaint, Defendant denies each and every allegation

56. In response to Paragraph 56 of the Complaint, Defendant denies each and every allegation.

57. In response to Paragraph 57 of the Complaint, Defendant denies each and every allegation.

58. In response to Paragraph 58 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action. As separate and distinct affirmative defenses to the Complaint and each cause of action or claim for penalties therein, Defendant alleges as follows, without admitting that it bears the burden of proof on any such affirmative defense or any issue relating thereto, and without intending to shift to itself the burden of proof with respect to any such affirmative defense or issue to the extent that it does not already bear such burden under applicable law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1. Plaintiff lacks standing to pursue her alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff lacks standing to pursue her

alleged claims because, among other reasons, she is not a bona fide patron, she never attempted to access Defendant's website, and/or she does not intend to access Defendant's website in the future.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Plaintiff's claims are barred to the extent that they are based on events that occurred more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. § 335.1.

## THIRD AFFIRMATIVE DEFENSE

(Effective Access)

3. The alleged barriers provide effective access to Plaintiff. Defendant's website provided effective access to Plaintiff because any alleged noncompliance was de minimis, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website.

## FOURTH AFFIRMATIVE DEFENSE

(Removal of Access Barriers Was Not Readily Achievable)

4. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## FIFTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for nor sought any assistance.

/ / /

ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

**SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

6. Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a professional plaintiff and serial litigant who filed this lawsuit to extort a monetary settlement.

**SEVENTH AFFIRMATIVE DEFENSE**

(Technically Infeasible)

7. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

**EIGHTH AFFIRMATIVE DEFENSE**

(Undue Burden)

8. Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

**NINTH AFFIRMATIVE DEFENSE**

(Reasonable Modifications to Policies, Practices and Procedures)

9. Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for nor sought any such modifications. To date, Defendant has repeatedly requested that Plaintiff advise as to the barriers that purportedly remain, and Plaintiff has refused to advise what those barriers are; claiming that such barriers will be disclosed in connection with "expert discovery."

/ / /

10

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

10. Plaintiff failed to properly mitigate Plaintiff's alleged damages and are purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly stack Plaintiff's damages and therefore are precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

11. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint, would, if granted, result in a fundamental alteration of Defendant's services.

## TWELFTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

12. The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

13. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Mootness)

14. Plaintiff's claims are barred under the doctrine of mootness because

Defendant's website complies with all applicable standards, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

15. Any allegedly wrongful acts or omissions performed by Defendant or agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Ripeness/Lack of Due Process)

16. Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites (as explained further in the attached letters from certain members of Congress, certain State Attorney Generals, and certain members of the Senate).

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

17. Plaintiff's claims are barred under the doctrine of primary jurisdiction.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Due Process)

18. Plaintiff's claims violate Defendant's constitutional right to due process.

### NINETEENTH AFFIRMATIVE DEFENSE

(Content on the Website is Provided by Another Information Content Provider)

19. Plaintiff's claims are barred pursuant to 47 U.S.C. § 230, a Provision of the Communication Decency Act, as content on the website is provided by another information content provider.

/ / /

## TWENTIETH AFFIRMATIVE DEFENSE

(Effective Communication)

20. Plaintiff's claims are barred because Defendant provided effective communication.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of her Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

DATED: August 15, 2022    BALLARD ROSENBERG GOLPER &SAVITT, LLP

By: /s/ Matthew B. Golper
    MATTHEW B. GOLPER

*Attorneys for Defendant*
ARTFARM USA, INC. d/b/a
MANUELA

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

DATED: August 15, 2022    BALLARD ROSENBERG GOLPER &SAVITT, LLP

By: /s/ Matthew B. Golper
    MATTHEW B. GOLPER

*Attorneys for Defendant*
ARTFARM USA, INC. d/b/a
MANUELA

13
**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**